[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4435
Plaintiff's Revised Complaint describes two leases it entered into as lessor; the first lease, Master Lease Agreement No. 11562, was executed on or about January 10, 1994, with First City Management, Inc. as lessee; the second lease, Master Lease Agreement No. 13638, was executed on or about August 10, 1994, with First City Management, Inc. and Visone Motors as lessees, jointly and severally.
In the first count of its complaint, plaintiff alleges that defendant First City Management breached Master Lease Agreement 11562 by failing to make the monthly payments for November 1995 and December 1995 as called for under the lease.
In the fourth count of its complaint plaintiff alleges that the defendants have breached the terms of Master Lease Agreement No. 13638 by failing to make the monthly payments for November 1995 and December 1995 as called for under the agreement.
In the third count of its complaint the plaintiff alleges that Anthony Visone on or about February 7, 1995, unconditionally guaranteed full and prompt payment of all liabilities and obligations of the lessor, First City Management, under Master Lease Agreement No. 11562, but has failed and refused to make the payments due under the terms of the written guaranty.
In the sixth count of its complaint the plaintiff alleges that on or about February 7, 1995, the defendant Anthony Visone executed a written guaranty unconditionally guaranteeing full and prompt payment of all liabilities and obligation of First City Management and Visone Motors under Master Lease Agreement No. 13638 but has failed and refused to make the payments due under the terms of the written guaranty.
The corporate defendant's answers admitted entering into these two lease agreements and taking possession of the leased materials. The corporate defendants denied breaching the leases by failing to make the monthly payments for November and December 1995, required by the two leases. The individual defendant, Anthony Visone admitted in his answer that he executed the written guaranty referenced in the third and sixth counts but contests its legal significance with regard to counts three and six. CT Page 4436
The corporate defendants filed a special defense asserting that they have paid all amounts owed to plaintiff. These defendants also filed a second special defense alleging the plaintiff is estopped from claiming any amounts from defendants, in that plaintiff prepared the assignment document which represented that there were no defaults in monthly payments prior to January 1, 1996, when plaintiff assigned these leases.
The plaintiff denied the allegations contained in each of those defenses.
The court conducted a hearing on March 18, 1997. At the hearing plaintiff offered the testimony of Mark Schuman, senior collector, and Paul Cunningham, its funding manager. Mr. Schuman offered into evidence without objection, payment history on contract 11562 (Plaintiff's Exhibit A); Invoice 9115-96-34, dated May 15, 1996, addressed to Anthony Visone, First City Management, Inc. (Plaintiff's Exhibit B); payment history on contract 13638 (Plaintiff's Exhibit C); payment history dated March 18, 1997, with reference to contract 11562 (Plaintiff's Exhibit D); Notice and Acknowledgment of Assignment of Equipment Lease Agreement to FSI and Further Assign of contract 11562 and contract 13638, both dated January 1, 1996 (Plaintiff's Exhibit E). Exhibit E, Notice and Acknowledgment of Assignment of Equipment Lease Agreement to FSI and Further Assign, contains a note on the signature page of each assignment which states:
"Lessee acknowledges that any and all payments due on or before December 31, 1995, remain the property of and shall be paid by Lessee to Center Capital Corporation and/or Tucker Leasing in the same manner as prior payments have been made."
Attached to the plaintiff's complaint pursuant to P.B. § 141 is Master Lease No. 11562, marked Exhibit A, dated January 10, 1994; Master Lease Agreement No. 13638, dated August 10, 1994, marked Exhibit C; also attached, is Guaranty made and delivered February 7, 1995, executed by Anthony Visone, marked Exhibit B. These documents were admitted into evidence without objection by defendant.
Defendant's sole witness was Anthony Visone. Mr. Visone testified that he is the primary stockholder in the defendant, First City Management, the owner of Visone Corvette/Visone Motors; he testified that after January 1, 1996, the lessees directed their lease payments to plaintiff's assignee, Financing CT Page 4437 for Science. He also testified he was aware of monthly invoices from the plaintiff and that he saw the document entitled "Notice and Acknowledgment of Assignment of Equipment Lease Agreement to FSI and Further Assign (Plaintiff's Exhibit E) but did not read it. This document in paragraphs 2 and 6 unambiguously required lessee to pay to lessor any and all payments due on or before December 31, 1995.
The court finds that the plaintiff has proved by a fair preponderance of the evidence the allegations contained in counts one, three, four and six of its complaint. The plaintiff's testimony and exhibits clearly permit the court to find that the lessee defendants failed to make the monthly installments for November 1995 and December 1995 as called for by Master Lease Agreement No. 11562 and Master Lease Agreement No. 13688. Lessee defendants were made aware by the specific provisions of Master Lease Agreement No. 11562 paragraph 15 and Master Lease Agreement No. 13638, paragraph O of lessor's right to assign without lessee's consent. Lessees did not actually sign (Plaintiff's Exhibit E) the Notice and Acknowledgment of Assignment of Equipment Lease Agreements to FSI and Further Assign but actually received the documents and accepted their responsibility to make payments and did make in fact payments after January 1, 1996 to FSI. The court finds no support for lessee's claim of estoppel as alleged in defendant's second special defense. The basis for defendant's claim is contained in paragraphs 6 and 11 of plaintiff's Exhibit E. The court can find no facts to support a finding that lessees relied on this clause to change their position to their detriment. Bozzi v. Bozzi, 177 Conn. 232, 242
(1979).
The court also finds that Anthony Visone, named defendant in counts three and six, did not make any payments on the monthly installments for November and December 1995 required by the two leases and the two assignments.
In final argument and posthearing memorandum, Mr. Visone puts forth a position that the guaranty attached to plaintiff's complaint does not obligate him for any sums owed under either Master Lease 11562 or Master Lease 13638. In support of this position he notes that the guaranty requires the guarantor (Visone) to guarantee all sums due or becoming due by "Obligor" defining Obligor as First City Management, Inc. and Visone Motors, Inc. — jointly and severally obligated as Co-obligors. Since the only signatory to Master Lease 11562 is First CT Page 4438 City Management, Inc. — he argues it is the only entity obligated by that lease and therefore does not satisfy the definition of obligor under his written guaranty.
The court rejects this reasoning. With regard to Master Lease 13638 the court finds that the defendant admitted the allegations of paragraph 11 of the sixth count which states:
 11. In order to induce Center Capital to extend credit to First City Management and Visone Motors, the Defendant Visone executed a written guaranty on or about February 7, 1995 (the "Guaranty") wherein Visone unconditionally guaranteed full and prompt payment of all liabilities and obligations of First City Management and Visone Motors under the Second Agreement. A copy of the written guaranty executed by Visone is attached to the original Complaint as Exhibit B.
The defendant Visone implicitly recognized this admission in his legal memorandum by failing to claim that the personal guaranty of Mr. Visone is not applicable to Master Lease 13638.
Mr. Visone admitted in his answer that he signed the guaranty. A full reading of the guaranty reveals that the "Guarantor [Mr. Visone] guarantees to obligee the prompt payment of all monies now due or hereinafter becoming due by Obligor to Obligee with respect to (but not limited to) Master Lease 11562 and all lease schedules thereto, Master Lease 13638 and all lease schedules thereto . . ."
There is conflicting language within the first paragraph of the guaranty. The reference to First City Management, Inc. and Visone Motors, Inc. as jointly and severally obligated as co-obligors for all the obligations of the obligor is in conflict with the language which follows that:
 "Guarantor guarantees to Obligee the prompt payment of all monies now due or hereafter becoming due by Obligor to Obligee with respect to . . . Master Lease Agreement No. 11562 and all Lease Schedules thereto, Master Lease Agreement No. 13638 and all Lease Schedules thereto, and any and all future Instruments entered into between Obligor and Obligee."
This specific reference to Master Lease Agreement 11562 best CT Page 4439 reflects the intent of the parties to this guaranty. Bank ofBoston v. Avon Meadow Associates, 40 Conn. App. 536, 540 (1996). Accordingly the court construes the guaranty to apply to all the obligations of either First City Management, Inc. or Visone Motors, Inc. under Leases 11562 and 13638.
Judgment may enter for the plaintiff on first and third counts in the amount of $24,120.30 plus interest at the statutory rate from January 1, 1996.
Judgment may enter for the plaintiff on the fourth and sixth counts in the amount of $18,934.66 plus statutory interest from January 1, 1996.
A further hearing is required on plaintiff's application for attorney's fees. The court will hear this application on Thursday, May 8, 1997 at 10 a.m. at the Judicial District of Meriden.
Dorsey, J. Judge Trial Referee